UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NOs.  6:06-cr-238-Orl-22UAM
6:07-cr-150-Orl-22UAM

IVORY D. DICKERSON

**MOTION BY THE UNITED STATES FOR
DOWNWARD DEPARTURE OF DEFENDANT'S SENTENCE
BASED UPON SUBSTANTIAL ASSISTANCE**

Pursuant to the provisions of Section 5K1.1 of the United States Sentencing Guidelines, Title 18, United States Code, Section 3553(e), and Rule 35 of the Federal Rules of Criminal Procedure, the United States moves this Court to grant a two-level reduction in the defendant's offense level, and in support thereof states as follows:

1.  Defendant IVORY D. DICKERSON has pled guilty in two criminal cases pending in the Middle District of Florida. The first is Case No. 6:06-cr-238-Orl-22UAM. On December 1, 2006, a criminal complaint was issued against the Defendant charging him with fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030(a)(2)(C). Doc. 1. On December 13, 2006, an Indictment was returned by the Grand Jury charging the Defendant with that crime. Doc. 6. On July 30, 2007, the Defendant waived indictment, and the United States filed a First Superseding Information charging the Defendant with one count of conspiracy to manufacture child pornography, in violation of 18 U.S.C. §§ 2251(a) & (e), and two counts of fraud and related activity in connection with computers, in violation of 18 U.S.C. §§ 1030(a)(2)(C),

1

(b) & (c)(2)(B)(ii).  Doc. 25, 26.  The Defendant pled guilty to those charges pursuant to a plea agreement on August 24, 2007.  Doc. 36, 39.

    2.    The second criminal case against the Defendant is Case No. 6:07-cr-150-Orl-22UAM.  Again, the Defendant waived indictment in that case, and the United States filed an Information charging the Defendant with two counts of manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2).  Doc. 1.  Because the venue for the crimes charged in that Information was in the Middle District of North Carolina, the Information was filed in that district and then, with the consent of the Defendant and the United States Attorneys for the Middle District of North Carolina and the Middle District of Florida, the case was transferred to the Middle District of Florida pursuant to Federal Rule of Criminal Procedure 20.  Doc. 1.  On September 14, 2007, the Defendant pled guilty pursuant to a plea agreement to the charges set forth in the Information.  Doc. 7, 9, 14.

    3.    In his plea agreements, the Defendant agreed to cooperate with the United States.  Pursuant to that agreement, the Defendant participated in a proffer session with federal agents and provided detailed information about his crimes and his co-conspirator.  As outlined in his plea agreement in Case No. 6:06-cr-238-Orl-22UAM, the Defendant participated in a conspiracy in which he and his co-conspirator used their computer skills to hack into the computers of female minors for the purpose of forcing them to send them child pornography that they could collect.  The plea agreement identifies some of the investigative methods that were used to identify DICKERSON and his co-conspirator, including the collection of information about the e-mail accounts and

Internet Protocol addresses associated with their computer intrusions, the use of pen registers and trap and trace devices, the execution of federal search warrants, the forensic analysis of computers and computer hard drives, and the use of an undercover operation, among other things. Much of the information provided by the Defendant has been corroborated by what was learned as a result of those investigative methods. More significantly, the Defendant, as part of his cooperation, provided information previously unknown to law enforcement about his co-conspirator that allowed law enforcement to further confirm the identity of the Defendant's co-conspirator. In part as a result of this substantial assistance provided by the Defendant, the United States expects that charges will be brought in the future against another individual.

## **MEMORANDUM OF LAW**

The Court, on motion of the government, may reduce a defendant's sentence to reflect a defendant's substantial assistance. USSG §5K1.1. Here, defendant IVORY DICKERSON provided truthful and timely information to the United States which is expected to result in another co-conspirator being charged.

The United States believes that, because of his efforts on behalf of the United States, IVORY DICKERSON should receive a two-level reduction in his offense level for his assistance.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the government's motion for downward departure of defendant's sentence.

                    Respectfully submitted,

                    ROBERT E. O'NEILL
                    United States Attorney


By:   *s/ Roger B. Handberg*
       Roger B. Handberg
       Assistant United States Attorney
       Florida Bar No. 0241570
       501 West Church Street, Suite 300
       Orlando, Florida 32805
       Telephone:  (407) 648-7500
       Facsimile:   (407) 648-7643
       E-mail:       Roger.Handberg@usdoj.gov

U.S. v. DICKERSON                                    Case No. 6:06-cr-238-Orl-22UAM

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joseph Fisher

I hereby certify that on November 27, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant(s):

*s/ Roger B. Handberg*
Roger B. Handberg
Assistant United States Attorney
Florida Bar No. 0241570
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:      Roger.Handberg@usdoj.gov

5